No. 2576.—SUCCESSION OF ANTOINE DECUIR—On Rule for Sale of Property to Pay Debts.

The rule is well established that neither executors nor administrators have the power to create liabilities against the estates they represent, to waive rights which belong to it, to change the nature of its obligations, or to increase its responsibilities in regard to its debts. But, when judgment has been confessed, as in this case, by the administratrix, on demands that are well founded: Held—That the heirs must show in opposition to a rule by the judgment creditors for a sale of the property, that the confession by the administratrix was made to their injury, and that their rights of defense against the claims were waived by the confession.

If the administratrix had no funds in hand with which to pay the judgments against the estate, neither her nor the heirs can successfully oppose an application for a sale of the property of the succession to pay the judgment creditors; and a tableau by the administratrix, as a preliminary step, is unnecessary.

APPEAL from the Parish Court of Pointe Coupée. *A. Bonauchaud*, Parish Judge. *Thomas H. Hughes*, for appellants. *Thomas J. Cooley*, for appellees.

TALIAFERRO, J. After the opening of Decuir's succession, four several creditors brought suits against it, and four judgments were rendered severally in their favor. This occurred during the year 1866. The widow and administratrix made defense in each of these suits

numbered on the docket of the court respectively 111, 324, 325 and 326. Before these judgments were rendered an arrangement was entered into between the administratrix and the several judgment creditors, by which a stay of execution in each case was obtained on payment of part in cash; the remainder to become exigible in four annual installments. By this agreement, too, the rate of interest was lowered to four per cent. On these terms the judgments were rendered on confession of the administratrix. After two of the installments became due, the creditors proceeded by rule against the administratrix, to show cause why the property of the succession should not be sold to pay the amount of these several judgments. Several exceptions and defenses were set up in opposition to the sale applied for by the creditors:

*First*—That the application was premature, no account or tableau having been required and no notice having been given to the heirs.

*Second*—Misjoinder of parties plaintiff and the joining in the petition of separate causes of action.

*Third*—The petition showed no facts to enable the court to judge of the necessity of a sale.

*Fourth*—That the agreements and confessions of the administratrix, upon which the pretensions of the plaintiffs are predicated, are not binding upon the succession.

Judgment was rendered in favor of the plaintiffs in the rule, and an order granted for the sale of property of the succession to pay the judgments, interest and costs.

From this judgment the administratrix has taken an appeal, in which she is joined by the heirs.

The exceptions, we think, were properly overruled. The creditors applying for a sale of property had judgments against the succession. Payment of the demands had been made and refused. It is fair to presume the administratrix had no funds to pay them, and a tableau was unnecessary. It is contended, on the part of the heirs, that the compromise entered into between the administratrix and the creditors is illegal and without effect; that she had valid defenses to make in the suits which the creditors had brought against her; that in abandoning these defenses and confessing judgment, she inflicted injury upon the estate and upon them; that, in her capacity of administratrix, she could not legally place the succession in a more onerous condition than she found it, and could not change for the worse the position the estate occupied in relation to its creditors.

The principle has been frequently recognized in our jurisprudence that neither executors nor administrators have power to create liabilities against the estate they represent, to waive rights which belong to it, change the nature of its obligations or increase its responsibilities in regard to its debts. 21 An. 287, and cases there cited. But we

do not see from the record that the administratrix in this case occupied grounds of advantage in the suits brought against her that would have enabled her to defeat the claims of the creditors. In one of these suits a judgment had already been obtained against the estate contradictorily with the administratrix. No defense was, therefore, waived in that case. In another, the account sued on had been acknowledged by Josephine Decuir, who is the administratrix. In this case the prescription of three, five and ten years is pleaded. It is alleged, on the other side, that the deceased had acknowledged the debt and that citation had been served within about two years after the acknowledgment. The question was never tried whether the plea of prescription was sustainable. In a third case the only defense is that the plaintiffs are not the owners of the note sued upon. The plaintiffs, on the other hand, appear to have established their ownership.

To the fourth the answer was a failure of consideration. That the note sued upon was given for the price of a tract of land. The pleadings indicate that this defense was not likely to prevail. It is not unreasonable to infer that none of these defenses were deemed impregnable, for when the creditors consented to grant time the administratrix withdrew them all and permitted judgments to be rendered against the estate.

We think the judgment should be maintained.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs in both courts.